Name: Li Zu
Address: 1945 South 1300 East Apt 15, Salt Lake City, Utah 84105
Telephone: 801-664-9496

FILED
U.S. DISTRICT COURT
2015 DEC -1 P 2:58
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH - CENTRAL DIVISION

LI ZU

Plaintiff,

v.

Avalon Health Care Group, INC

Defendant(s).

COMPLAINT

JURY DEMAND

Case: 2:15cv00845
Assigned To : Waddoups, Clark
Assign. Date : 12/1/2015
Description: Zu v. Avalon Health Care Group

### A. JURISDICTION

This action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination. Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e(5). Equitable and other relief are also sought under 42 U.S.C. § 2000e(5)(g). Jurisdiction is also based on 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. §§ 1981 et seq. Where employment discrimination based upon age is alleged, jurisdiction is conferred by 29 U.S.C. §§ 626(c)(1) and appropriate relief is also sought.

### B. PARTIES

1. Name of plaintiff: Li Zu
   Present mailing address: 1945 South 1300 East Apt 15
   Salt Lake City, Utah 84105

2. Name of first defendant:
Present mailing address or
business location:

Avalon Health Care Group, INC

206 North 2100 West
Salt Lake City, Utah 84116

3. Name of second defendant:
Present mailing address or
business location:

4. Name of third defendant:
Present mailing address or
business location:

(Use additional sheets if necessary.)

## C. NATURE OF CASE

1. The address at which I sought employment or was employed by the defendant(s) is:

2472 South 300 East
Salt Lake City, Utah 84115
Avalon Valley Rehabilitation Center

2. The discriminatory acts occurred on or about:

From December 26, 2013 to Sepetember 20, 2014
(Month, Day, Year)

3. I filed charges with the Anti Discrimination Division of the Utah State Industrial Commission regarding the defendant's discriminatory conduct on or about:

March, 17, 2014 and October 02, 2014
(Month, Day, Year

4. I filed charges with the Equal Employment Opportunity Commission regarding the defendant's discriminatory conduct on or about:

   March, 17, 2014 and October 02, 2014
   (Month, Day, Year)

5. The Equal Employment Opportunity Commission sent the attached "Notice of Right to Sue" which I received on:

   September, 11, 2015
   (Month, Day, Year)

   (Please attach the "Notice of Right to Sue" to this complaint.)

6. The discriminatory acts that are the basis of this suit are:

   a. __X__ Failure to employ me
   b. _____ Failure to promote me
   c. _____ Termination of my employment
   d. _____ Demotion
   e. _____ Denied equal pay/work
   f. _____ Sexual harassment
   g. _____ General harassment
   h. __X__ Other acts (Be specific: Attach an additional sheet if necessary)

   Retaliation
   _____
   _____
   _____

7. Defendant's conduct is discriminatory with respect to:

   a. _____ my race         d. _____ my religion
   b. _____ my color        e. __X__ my national origin
   c. _____ my sex          f. __X__ my age

8. I believe that the defendant is still committing these acts against me.

   __X__ yes     _____ no

## D. CAUSE OF ACTION

1. I allege that the defendant has discriminated against me and that the following facts form the

basis for my allegations:

a.     (1)     Count I:_____

            (2)     Supporting Facts: (Describe exactly what each defendant did or did not do. State the facts clearly, in your own words without citing any legal authority. Use additional sheets if necessary.)

_____
_____
_____

b.     (1)     Count II:_____

            (2)     Supporting Facts:

_____
_____
_____
_____
_____
_____

## E. INJURY

1. How have you been injured by the actions of the defendant(s)?

   A. Monetary damages, including wage loss, benefit loss, medical bills, costs associated with a job search, and other out-of-pocket expenses.
   B. Noneconomic injuries, including pain and suffering, inconvenience, and loss of enjoyment of life.

## F. REQUEST FOR RELIEF

2. I believe I am entitled to the following relief:

   A. Compensatory damages including lost wages, benefit, emotional distress and pain, physical sickness caused by emotional distress, and medical expenses.
   B. Punitive damages to punish Defendant for its malicious, willful, and wanton conduct.
   C. Costs expended herein, including reasonable attorney's fees.
   D. Pre-juggment and post-judgment interest.
   E. Any and all other relief to which I may be entitled.

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. § 1621.

Executed at _____ on 12/01/2015.
              (Location)

_____
Signature

H:\prose\vii.gui

## D. CAUSE OF ACTION

1. Plaintiff, Li Zu, Chinese, is over the age of forty (40), and had been employed as a Registered Nurse ("RN") with Avalon Valley Rehabilitation Center ("Avalon Valley"), a health care facility of Avalon Health Care Group (Avalon) for one and half years (From 06/07/2012 to 11/16/2013) till her Employment Authorization Document (EAD) expired on 11/16/2013.

2. Ms. Zu's direct supervisor was Shannon Oliver(Oliver), who was the Director of Nursing ("DON") of Avalon Valley.

3. In the end-October of 2013, Plaintiff spoke with Oliver that she probably had to leave the job if she could not receive her new EAD before 11/16/2013. Oliver said she could not wait and told Plaintiff to come back to her as soon as Ms. Zu received a new EAD.

4. On December 17, 2013, Plaintiff received her new EAD and sent a text message to Oliver. No response from Oliver, Plaintiff then walked in Oliver's office to speak with Oliver regarding her reemployment. Plaintiff showed Oliver her new EAD when asked. Oliver made a copy of EAD and said she needed Ms. Zu to come back to work. Oliver told Ms. Zu that she would call Ms. Zu after she talked to Human Resource of Avalon Valley within one week. But Ms. Zu did not hear anything from Oliver by December 25.

5. On December 26 of 2013, Plaintiff found two open positions (a Resident Assessment Coordinator ("RAC") position and a RN position) posted at Avalon's website and applied for the two positions. Then she sent a text message to Oliver to let her know that she had applied for the two jobs. Oliver responded the Plaintiff and told her that the two positions were already filled.

6. Plaintiff learned later that one younger woman with less qualification, not of her national origin was hired for RAC position.

7. Avalon Valley refused to rehire Ms. Zu for a RN position despite Ms. Zu was qualified for the position and eligible to be rehired. Avalon Valley canceled its advertisement for the RN position after Ms. Zu notified Oliver she had applied for that position despite Avalon Valley really needed a replacement to fill a vacancy of RN position at that time. What Avalon Valley had done was in violation of Avalon's rehiring policy.

8. Plaintiff was treated differently from a similarly situated employee. Another RN, Cesar Camara, who was younger and not of Ms. Zu's national origin, was treated more favorably. He was rehired by Avalon Valley on or about August 26, 2013 after he quit his job for six months at Avalon Valley. Although there was not open position

1

for RN when he requested to be rehired, Avalon Valley created an open position for him and rehired him.

9. On February 19 of 2014, Plaintiff reported her concerns of being subjected to discrimination to Byron Kirton (Kirton), Vice President of Human Resources of Avalon. Despite the notice of discrimination at workplace, there was no adequate action taken by Avalon. Which was in violation of Avalon's policy 1.7-Non-Discrimination and Harassment Prevention.

10. On March 3, 2014, Kirton sent an email to Ms. Zu, according to Kirton's email, the first reason not to rehire Ms. Zu was Avalon Valley was selecting applicants that had stronger communication skills and a better ability to collaborate with coworkers. Ms. Zu believed said reason for Avalon Valley not to rehire Ms. Zu was an indication of national origin discrimination.

11. Someone at Avalon Valley overheard Lalia Benitez (Benitez) talked to somebody else that she did not want Ms. Zu working there because she did not like Chinese and Chinese accent. Benitez was the person in charge of Human Resources at Avalon Valley.

12. On March 17 of 2014, Plaintiff filed a complaint with the Utah Antidiscrimination and Labor Division ("UALD") and Equal Employment Opportunity Commission ("EEOC") alleging violations of Title VII of the civil rights Act of 1964, and the Utah Antidiscrimination Act of 1965, as all amended.

13. According to Avalon's rehiring policy, Ms. Zu should be considered for reemployment since she notified Avalon Valley that she wanted to work with Avalon again. Avalon Valley nevertheless continued to pass over Plaintiff to hire some younger and not of her national origin applicants.

14. On August 22 and September 8 of 2014, Plaintiff applied for two RN positions with Avalon Valley, once again, she was not selected for either of two advertised RN positions.

15. On January 2th of 2015, Plaintiff filed her amended complaint with UALD and EEOC. In the amended complaint, plaintiff added the last two incidents to her original complaint and added age to bases of her complaint.

16. In response to Ms. Zu's amended charge, the Defendant did not mention what was going on with the two positions Ms. Zu applied for, instead fabricated insubordinate behavior for Ms. Zu and shifted its non-discriminatory reason not to rehire Ms. Zu to Zu's performance problem.

17. As a direct and proximate result of Avalon's unlawful discrimination, Plaintiff sustained injuries and damages.

D. CAUSE OF ACTION                    2

## COUNT ONE
### National Origin Discrimination in Violation of Title VII of the Civil Right Act of 1964, 42 USC 2000e. Et.seq.

18. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

19. Defendant, through and by its supervisors, managing agents, and/or its officers, discriminated against the Plaintiff by failing to hire Plaintiff or refusing to rehire Plaintiff because of her national origin, in violation of Title VII of the Civil Right Act of 1964, 42 USC 2000e. et.seq. The reasons Defendant offered for its conduct were not true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

## COUNT TWO
### Age Discrimination in violation of Title VII of the Age Discrimination in Employment Act (ADEA) 29 USC §626

20. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

21. The defendant's conduct as alleged above constitutes discrimination based age discrimination in violation of ADEA by failing to hire Plaintiff or refusing to rehire Plaintiff against her age. Plaintiff was subjected to disparate treatment. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

22. Avalon's discriminatory treatment caused Ms. Zu to suffer from depression, anxiety disorder, physical illness caused by emotional distress, and monetary damages.

23. Ms. Zu had been looking for a new job since Avalon Valley refused to rehire her. For many times, her job interviews and everything went well, but she did not get a job offer after prospective employers checked her references.

24. On or about August 16, 2014, Ms. Zu applied two RN jobs with two different employers.

25. On or about August 18, 2014, Ms. Zu had phone interviews with the two potential employers and everything went well. Both future employers told Ms. Zu they would start to check her references from previous employers.

D. CAUSE OF ACTION                                3

26. On or about August 19, one recruiter called Ms. Zu and said that she had called Avalon Valley 6 times and left voice messages for seeking reference. She called Oliver and Amy Hill("Hill") who was Assistant Director of Nursing ("ADON") at Avalon Valley. One of them ever answered phone call, but refused to give a reference, the other ignored the phone calls and voice messages.

27. Ms. Zu emailed to Tawna Houghton (Houghton), Human Resources President of Avalon and reported to him what happened regarding the reference issue.

28. On August 20, 2014, the other recruiter called Ms. Zu and said that she had called Avalon Valley many times and left voice messages for seeking a reference, but she did not get any answer from them.

29. On August 20, 2014, Ms. Zu sent another email to Houghton to request for a reference and asked him to resolve the issue. Houghton forwarded Zu's emails to Kurt Anderson (Anderson), who was Director of Employee Relations of Avalon.

30. On August 21, 2014, Anderson email Ms. Zu with her last Performance Evaluation attached and stated that Ms. Zu might choose to share the Performance Evaluation with prospective employers. Ms. Zu replied his email and told him that she needed a reference because the prospective employer wanted to know a little bit more about Ms. Zu and her job description. But he did not respond her any more.

31. On August 23, 2014, Ms. Zu followed up with the two recruiters regarding their decisions on the jobs. One recruiter stated that Oliver finally answered the call and only provided Ms. Zu's dates of employment as a reference. When she asked oliver if Ms. Zu was competent at her position, Oliver said she did not know and could not tell because of company's policy.

32. The other recruiter said she never obtained any reference from Avalon Valley after calling many times and waiting. She said she could not offer Ms. Zu the job.

33. On September 8, 2104, Ms. Zu filed a complaint of retaliation with Toughton, Anderson, and Kiron by an email, but none of them responded her compliant. Avalon failed to take any appropriated corrective action to protect Plaintiff from retaliation.

34. On or about October, 2, 2014, Plaintiff filed her retaliation complaint with UALD and EEOC.

35. On or about 12/26/2013, the time before Plaintiff filed her discrimination complaint against Avalon Valley, Oliver made a promise of giving a good reference to Ms. Zu. But after Ms. Zu engaged in protected activities, Avalon Valley refused to provide a reference for her. Defendant broke its promise to provide a good reference for the plaintiff.

36. As a direct and proximate result of Avalon's retaliation, the plaintiff suffered humiliation, emotional distress, pain, and economic damages.

D. CAUSE OF ACTION                                    4

## COUNT THREE
### Retaliation in Violation of Title VII of the Civil Rights Act of 1964
### (Reprisal for Engaging in Protected Activities)

37. Plaintiff incorporates and restates each of the above paragraphs as if fully set forth herein.

38. Defendant's breach of promise as alleged at length herein constitutes retaliation against the Plaintiff because of her engaged in activities protected by Title VII and the ADEA.

39. The defendant's conduct as alleged above constitutes retaliation against the Plaintiff by refusing to provide a reference or providing unfavorable job references to potential employers because she engaged in activities protected by Title VII and the ADEA. The stated reasons in response to the plaintiff's charge with UALD and EEOC were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus.

40. Defendant had no legitimate reasons for any such act. Each said act of retaliation was in violation of Title VII of the Civil Rights Act of 1964.

41. As a direct and proximate result of the Defendant's willful, knowing, and intentional discrimination and retaliation against Plaintiff, Plaintiff had suffered loss of earning, employment benefits, job opportunities, and enjoyment of life. Plaintiff had suffered emotional distress, pain, and humiliation. Plaintiff is thereby entitled to compensatory damages in amount to be proven at trial.

42. Plaintiff believes, and based thereon alleges, that the Defendant's conduct as described above was willful, malicious, and done in reckless disregard for the rights of Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from the Defendant in a sum according to proof at trial.

*[signature]*

12/01/15

D. CAUSE OF ACTION                                5