IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LI ZU,<br><br>                Plaintiff,<br><br>v.<br><br>AVALON HEALTH CARE, INC., a corporation d/b/a AVALON HEALTH CARE GROUP, AVALON VALLEY REHABILITATION CENTER, LLC,<br><br>                Defendants. | TAXATION OF COSTS<br><br><br>Case No. 2:15-CV-845 CW |

      Judgment was entered in favor of Defendants on September 21, 2018. Defendants filed their Bill of Costs on October 4, 2018. Plaintiff did not respond and the time for doing so has expired.[1]

      Defendants first seek $513.00 for service of subpoenas. The bulk of these charges appear to be related to the service of subpoenas duces tecum. "The few courts to address the recoverability of fees for subpoenas duces tecum have concluded that such costs are recoverable when issued in conjunction with the scheduled deposition of the witness receiving the subpoena."[2] Otherwise, there is no basis for taxing such costs under 28 U.S.C. § 1920.[3] The subpoenas at issue appear to only seek documents. Therefore, the Clerk will disallow the costs

---

[1] Any objection to a Bill of Costs must be filed within fourteen days. DUCivR 54-2(d)(2).

[2] *Long v. Howard Univ.*, 561 F. Supp. 2d 85, 97 (D. D.C. 2008).

[3] *Id.* at 98.

1

for the service of these subpoenas in the amount of $440.00 but will allow the remaining costs sought.

Defendants next seek $2,342.25 related to deposition transcripts. 28 U.S.C. § 1920(2) provides that the Clerk may tax costs "for printed or electronically recorded transcripts necessarily obtained for use in the case." The majority of the deposition transcripts were submitted to the Court in relation to Defendants' Motion for Summary Judgment. Based upon this, the Clerk finds that Defendant has adequately demonstrated that the deposition transcripts were necessarily obtained. Therefore, the Clerk will allow this cost. However, the invoice for Plaintiff's deposition contains a fee for shipping/delivery, which is not taxable.[4] Therefore, the Clerk will reduce the requested amount by $12.50.

Defendant also seeks $44.86 in witness fees. 28 U.S.C. § 1920(3) allows recovery of fees for witnesses. This cost will be allowed.

Finally, Defendant seeks $385.00 for the compensation of an interpreter utilized at Plaintiff's deposition. The Clerk will allow this cost under § 1920(6).

Total costs allowed are $2,832.71 and are included in the Judgment.

DATED this 29th day of October, 2018.

                                                                        D. MARK JONES, CLERK

                                                             By: _____
                                                                 Anne W. Morgan, Chief Deputy

---

[4] *See Roth v. Spruell*, 388 F. App'x 830, 837 (10th Cir. 2010).